IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JENNIFER MOONEY, ET AL.**                                                                     **PLAINTIFFS**

**v.**                                                                 **CIVIL ACTION NO. 2:14-cv-129-KS-MTP**

**JON GREER and**
**SOUTHERLAND TRANSPORT, LLC**                                                **DEFENDANTS**

### ORDER

THIS MATTER is before the Court on Plaintiffs' Motion to Substitute Deceased Defendant [36]. Having carefully considered the Motion [36], the Court finds that it should be denied.

On April 7, 2015, Defendant Southerland Transport, LLC, filed a Statement Noting Death [35], asserting that Defendant Jon Greer died on or about December 2, 2014. On April 17, 2015, Plaintiffs filed the instant Motion [36], seeking an order substituting the "personal representative of the Estate of Jon Greer, an individual of the full age and majority and whose appointment as administrator is pending in the Probate Court for Davidson County, Tennessee, case no. 15P328, for the party defendant identified as Jon Greer, who is now deceased."

Pursuant to Federal Rule of Civil Procedure 25, a party may move for substitution upon the death of any party. In pertinent part, Rule 25 provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Plaintiffs do not identify the particular individual they wish to substitute as a party. Instead, they seek to substitute an unnamed personal representative as a party. In support of their

Motion [36], Plaintiff provided the Court with a Mississippi Court of Appeals opinion suggesting that Mississippi courts would allow a party to substitute a "Personal Representative of the Estate of the Decedent" pursuant to Mississippi Rule of Civil Procedure 25.  This Court, however, must apply the federal rules and federal law, rather than state law, in determining the proper procedure for substitution following a party's death. *See Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971) ("Since Rule 25 is a valid procedural rule, it therefore follows that the terms of Rule 25, and the federal court decisions interpreting its meaning, control the manner of effecting substitution in the federal courts.").[1]

The law in the Fifth Circuit suggests that the proper method for addressing difficulties in locating or identifying a successor representative is to seek an extension of time pursuant to Fed. R. Civ. P. 6,[2] not to substitute an unnamed personal representative as a party. *See Ray v. Koester*, 215 F.R.D. 533, 534-35 (W.D. Tex. 2003), *aff'd*, 85 Fed. App'x. 983 (5th Cir. 2004).  In *Ray*, the court held that a suggestion of death need not identify the successor representative. *Id*.  That court recognized that such a holding creates concern that a party may suffer dismissal due to difficulties in locating or identifying a successor representative but found that an extension under Rule 6 "is the proper solution to this concern." *Id*. at 534 (citing *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998) ("Plainly, then, if there was an inability or a significant

---

[1] Although federal rules establish the proper method for the substitution of parties, "[t]he question of *who* is a proper party is a substantive issue, for which we must rely upon state law." *In re Baycol Products Litigation*, 616 F.3d 778, 787-88 (8th Cir. 2010).

[2] Rule 6 provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

difficulty in identifying [a defendant's] legal representative or successor, a motion could be brought under Rule 6(b) to enlarge the time in which to file the motion for substitution.")

In this action, the suggestion of death was filed on April 7, 2015. *See* Statement Noting Death [35]. Plaintiffs have ninety days from that date to identify the successor representative of the deceased and move to have that individual substituted as a party. If Plaintiffs experience difficulties in identifying the successor representative, they may seek an extension of time pursuant to Rule 6. However, adding an unidentified and unrepresented party as a representative of the deceased accomplishes no discernable objective and does not allow this mater to proceed.

IT IS, THEREFORE, ORDERED that Plaintiffs' Motion to Substitute Deceased Defendant [36] is DENIED without prejudice.

SO ORDERED this the 15th day of May, 2015.

                                         s/ Michael T. Parker
                                         United States Magistrate Judge